UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WINN-DIXIE STORES, INC., and
BI-LO, LLC,

        Plaintiffs,

v.                                  Case No. 3:18-cv-1168-J-34MCR

PRIMARY ONE, LLC,

        Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On October 1, 2018, Defendant Primary One, LLC (Primary) filed a Notice of Removal of Action Under 28 U.S.C. § 1441(b) Diversity by Defendant, Primary One, LLC

-1-

(Doc. 1; Notice), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Notice at 1. Primary asserts that diversity jurisdiction is proper because this is an action between citizens of different states, and the amount in controversy exceeds $75,000. Id. at 4-5. Specifically, Primary states that it is "a limited liability company duly organized and existing under the laws of the State of New York with its principal place of business located in New York." Id. at 4. In addition, Primary alleges that Plaintiff Winn-Dixie Stores, Inc. is "a corporation duly organized and existing under the laws of the State of Florida with its principal place of business located in Florida." Id. at 4. Last, Primary alleges that Plaintiff BI-LO, LLC is "a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business located in Florida." Id. at 4. These allegations are wholly insufficient to establish the citizenship of Primary or BI-LO, LLC, and as such, the Court is unable to discern whether it has diversity jurisdiction in this case.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. The Eleventh Circuit has recognized that, for purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Thus, to properly determine the citizenship of a limited liability company, the Court must consider the citizenship of each of its members. See id.

Remarkably, despite quoting this same legal authority in its Notice, see Notice at 4-5, Primary nevertheless fails to identify its members and their respective states of citizenship. As such, the Court is unable to determine Primary's citizenship. Likewise,

as to BI-LO, LLC, Primary merely asserts that it "has no knowledge of any member of BI-LO being a citizen of the State of New York." Id. at 5. However, it is well-established that parties seeking to invoke a federal court's diversity jurisdiction cannot establish diversity in the negative, as an affirmative identification of citizenship is necessary.[1] See Cameron v. Hodges, 127 U.S. 322, 324–25 (1888); D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125-27 (1st Cir. 2011); Meyerson v. Showboat Marina Casino P'ship, 312 F.3d 318, 320–21 (7th Cir. 2002). Thus, without knowledge of the identity and citizenship of Primary and BI-LO's various members, the Court is unable to determine whether complete diversity exists between Plaintiffs and Defendant. See Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); see also D.B. Zwirn Special Opportunities Fund, L.P., 661 F.3d at 127 (requiring plaintiff LLC to identify its members and their respective citizenship); Meyerson, 312 F.3d at 320-21 (instructing district court to remand action to state court where defendant partnership's jurisdictional allegations repeatedly failed to "tell us the identity and citizenship of the partners in the two entities that own [defendant partnership]"). Indeed, without such information, the Court cannot

---

[1] Moreover, even if true, absent any information as to Primary's state or states of citizenship, this allegation does not establish diversity of citizenship. It may be that all of Primary's members are citizens of New York and none of BI-LO's members are, but until the Court has had the opportunity to consider for itself the identity and citizenship of each of these entities' members and sub-members, it cannot satisfy its independent obligation to inquire into its subject matter jurisdiction. See Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) ("Before rendering a decision, therefore, every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based; and this obligation on the court to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issue and both parties are prepared to concede it.").

trace the members' citizenship "through however many layers of partners or members there may be." See Meyerson v. Harrah's E. Chi. Casino, 299 F.3d 616, 617 (7th Cir. 2002); see also D.B. Zwirn Special Opportunities Fund,L.P., 661 F.3d at 126-27 ("If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered."); Zambelli Fireworks Mfg Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).[2]

In light of the foregoing and "in the hope of preventing the needless expenditure of litigant and judicial resources that occurs when a case proceeds to trial in the absence of subject matter jurisdiction[,]" see Zambelli Fireworks, 592 F.3d at 419, the Court will afford Primary an opportunity to provide the Court with sufficient information to establish the citizenship of the parties and this Court's diversity jurisdiction over the instant action.

Finally, in the Notice, Primary argues that removal of this case is timely because Plaintiffs have not yet effected proper service of process on Primary. See Notice at 5-7. Indeed, Primary has separately filed Defendant's Verified Omnibus Motion to Quash Service of Process and to Dismiss the Complaint (Doc. 3). As the Motion to Quash is not yet ripe for consideration, the Court expresses no opinion regarding the timeliness of the

---

[2] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1315-16 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, at 1222, 1228 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

removal. Nonetheless, if Plaintiffs intend to challenge the removal of this action as procedurally improper, they must file a motion to remand to the state court on or before October 31, 2018. If Plaintiffs fail to file a timely motion to remand, such failure may be construed as a waiver of any right to challenge the removal of this case on procedural grounds.[3] Accordingly, it is

**ORDERED**:

1. Defendant Primary One, LLC shall have until **October 17, 2018**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

2. To the extent Plaintiffs believe removal was improper, Plaintiffs shall have up to and including **October 31, 2018**, to file a motion to remand, if they so choose.

**DONE AND ORDERED** in Jacksonville, Florida on October 3, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

---

[3] A "district court may not sua sponte remand a case based upon a procedural defect. See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004) (per curiam). Accordingly, while the Court may remand sua sponte for lack of subject matter jurisdiction, the Court "must wait for a party's motion before remanding a case based on [a] procedural defect" in the removal process. Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1320-21 (11th Cir. 2001). However, a plaintiff may waive such procedural defects by failing to move to remand within thirty days of the removal. See id.; see also 28 U.S.C. § 1447(c). The requirement that removal be timely is procedural and may therefore be waived. See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) (quotation omitted) (finding that the timeliness of removal, which "'does not go to the question of whether the case originally could have been brought in federal district court,'" is a procedural, not a jurisdictional, defect).