UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WINN-DIXIE STORES, INC., and
BI-LO, LLC,

        Plaintiffs,

v.                                              Case No. 3:18-cv-1168-J-34MCR

PRIMARY ONE, LLC,

        Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Statement Supporting Diversity Jurisdiction in Compliance with this Court's October 3, 2018 Order [D.E. 5] (Doc. 8; Statement), filed on October 17, 2018. On October 1, 2018, Defendant Primary One, LLC (Primary) filed a Notice of Removal of Action Under 28 U.S.C. § 1441(b) Diversity by Defendant, Primary One, LLC (Doc. 1; Notice), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Notice at 1. Upon review of the Notice, the Court entered an Order (Doc. 5) noting that Primary asserted in the Notice that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 but that Primary had not properly alleged its own citizenship, nor that of Plaintiff BI-LO, LLC. See Order at 2. In its Order, the Court explained at length the rules governing the citizenship of limited liability companies such as Primary and BI-LO, LLC, and directed Primary to provide the Court with additional information so that the undersigned can determine

-1-

whether the Court has diversity jurisdiction over this action. Id. at 2-4. Primary then filed the Statement.

In the Statement, Primary asserts that it has two individual members, and that these individuals are citizens of New York. Accordingly, the Court is satisfied that Primary is a citizen of New York. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). As to BI-LO, LLC, Primary alleges that BI-LO Holding, LLC "owns one hundred percent (100%) of the membership interests of BI-LO, LLC." See Statement at 3. Inexplicably, Primary then asserts that BI-LO Holding, LLC is a citizen of Delaware because it is "organized in Delaware" and "represents its residency as 'domestic.'" Id. While it would no doubt be more convenient if such facts were sufficient to establish the citizenship of a limited liability company, as Primary is well-aware from the Court's prior Order, that is not what the law requires. See Order (Doc. 5) at 3-4 (explaining that to establish the citizenship of an LLC it is necessary to "trace the members' citizenship 'through however many layers of partners or members there may be'" (quoting Meyerson v. Harrah's E. Chi. Casino, 299 F.3d 616, 617 (7th Cir. 2002))). Perhaps foreseeing that its shortcut would be insufficient, Primary includes a footnote which identifies BI-LO Holding Finance, LLC as the sole owner of BI-LO Holding, LLC. See Statement at 3 n.4. Without citation to authority, Primary then boldly asserts that "[t]he analysis does not need to go further . . . ." Id. Unfortunately for Primary, this statement amounts to little more than wishful thinking.

In an attempt to determine the members of BI-LO Holding Finance, LLC, the Court has reviewed the financial records which Primary attached to the Statement. From these records the Court can discern that Southeastern Grocers, LLC is the sole member of BI-

LO Holding Finance, LLC, and that LSF Southeastern Grocery Holdings, LLC is the sole member of Southeastern Grocers, LLC. See Statement, Ex. 2 at 22-29. However, the Court is unable to determine the citizenship of LSF Southeastern Grocery Holdings, LLC. Although the bankruptcy records provided by Primary disclose some additional information regarding the numerous layers of owners in LSF Southeastern Grocery Holdings, LLC's lineage, see Statement, Ex. 3 at 112-113, the Court cannot discern from these records whether this information discloses all of the members of each of these entities, or just the controlling members. Moreover, to the extent this footnote traces ownership to an individual by the name of John P. Grayken, Primary has cited no evidence as to this individual's state of citizenship.[1] Accordingly, the Court remains unable to determine the citizenship of BI-LO, LLC, and therefore, cannot determine whether it has diversity jurisdiction over this action.

While the Court recognizes that Primary is faced with the task of untangling a Gordian Knot of membership interests, the Court is nonetheless bound to follow the law. Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, at 1222, 1228 (11th Cir. 2017) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. . . . In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century."). Without the necessary information to assure the Court that it has jurisdiction over this action, the Court is powerless to proceed.

---

[1] While additional information as to the citizenship of these entities may be buried in the 265 pages of exhibits Primary attaches to the Statement, it is Primary's burden to review these exhibits and cite the relevant information to the Court.

Accordingly, "in the hope of preventing the needless expenditure of litigant and judicial resources that occurs when a case proceeds to trial in the absence of subject matter jurisdiction[,]" see Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010), the Court will afford Primary one additional opportunity to provide the Court with sufficient information to establish the citizenship of the parties and this Court's diversity jurisdiction over the instant action.

**ORDERED**:

Defendant Primary One, LLC shall have until **November 19, 2018**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida on October 19, 2018.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record